# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CYNTHIA MAGDZIAK

          Plaintiff,

vs.

          No. 11-cv-15632
          Hon. Gerald E. Rosen

METROPOLITAN LIFE INSURANCE
COMPANY,

          Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AND FOR ATTORNEY FEES AND COSTS

On February 5, 2013, this Court entered an Opinion and Order concerning Defendant's decision to deny Plaintiff long-term disability ("LTD") benefits. In no uncertain terms, this Court found Defendant's decision to be arbitrary and capricious, noting that "Defendant's entire review process -- from the initial handling of Plaintiff's post-36 month LTD benefits claim through the appeal -- appears to have been a result-oriented, slapdash affair designed only to ignore inconvenient facts and reach a pre-ordained objective of denying Plaintiff's claim." (Feb. 5, 2013 Opinion and Order, Dkt. # 16, at 29-30). Accordingly, this Court entered an Order remanding the matter to Defendant to: (a) perform a Functional

1

Capacity Evaluation to determine Plaintiff's physical capabilities; and (b) provide a full and fair review of Plaintiff's long-term disability benefits claim. (*Id.* at 30).

Seventy-eight days later, on April 24, 2013, Plaintiff filed this instant motion requesting that this Court award attorney fees and costs for her successful appeal. (Plf's Mtn., Dkt. # 18). Plaintiff also asserts that pursuant to the February 5, 2013 Opinion and Order, she is "entitled to long term disability payments from the date of her denial up until and continuing from the date of [the] Judgment." (*Id.* at 6). Accordingly, she requests that this Court "affirm" its February 5, 2013 Opinion and Order.

This Court will not grant either of Plaintiff's requests. First, her request for fees and costs is not timely. Under the Eastern District of Michigan's Local Rules, Plaintiff was required to file her motion for attorney fees and non-taxable costs within 28 days of the entry of judgment. Local Rule 54.1.1, U.S. District Court, Eastern District of Michigan; *see also* Fed. R. Civ. P. 54(d)(2)(i) ("Unless a statute or court order provides others, [a] motion [for fees and costs] must . . .be filed no later than 14 days after the entry of judgment."). Therefore, Plaintiff was required to file such a motion on or before March 5, 2013 -- fifty days before she actually filed her motion. Because Plaintiff did not comply with this deadline, did not request an extension of this deadline, and did not put forth any evidence indicating her delay was a result of "excusable neglect," Fed. R. Civ. P. 6(b)(2), she may not

seek fees and costs. *Allen v. Murph*, 194 F.3d 722, 724 (6th Cir. 1999); *Horne v. City of Hamilton,* 1999 WL 313902, at *2 (6th Cir. May 3, 1999).[1]

Second, her request that this Court "affirm" its February 5, 2013 Opinion and Order because she is "entitled to long term disability payments from the date of her denial up until and continuing from the date of [the] Judgment" fundamentally misconstrues this Court's February 5, 2013 Opinion and Order. To be sure, this Court reversed Defendant's denial of LTD benefits. That said, nowhere did this Court find that Defendant is required to provide LTD benefits to Plaintiff. Rather, the Court simply remanded the matter back to Defendant to: (a) perform a Functional Capacity Evaluation to determine Plaintiff's physical capabilities; and (b) provide a full and fair review of Plaintiff's long-term disability benefits claim.[2]

---

[1] Because this Court finds that Plaintiff's motion is untimely, it declines to consider Defendant's alternative argument that Plaintiff is not entitled to fees and costs under the five-factor test set forth in *Secretary of Department of Labor v. King*, 775 F.2d 666 (6th Cir. 1985).

[2] Defendant asserts that Plaintiff is not cooperating with the scheduling of a Functional Capacity Evaluation and requests that "Plaintiff be ordered to cooperate with MetLife in allowing it to comply with this Court's Order by obtaining current functional capacity evaluation and to comply with MetLife's request for authorization to obtain Plaintiff's current medical information." (Def's Resp., Dkt. # 19, at 1, 13). Plaintiff vigorously rejects this contention. (Plf's Reply, Dkt. # 21, at 1-2). Without a coherent record, this Court declines to address this issue. If one of the parties is not complying with this Court's February 5, 2013 Opinion and Order, the other can always file a properly supported motion with this Court.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Judgment and for Attorney Fees and Costs is DENIED.

**IT IS SO ORDERED.**


Dated:  October 2, 2013	s/Gerald E. Rosen
	GERALD E. ROSEN
	CHIEF, U.S. DISTRICT COURT


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 2, 2013, by electronic and/or ordinary mail.

	s/Julie Owens
	Case Manager, 313-234-5135